UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JENNIFER DIBBERN,

        Plaintiff,

                              CASE NO. 2:12-CV-15632
                              JUDGE SEAN F. COX
                              MAGISTRATE JUDGE PAUL J. KOMIVES

   v.

UNIVERSITY OF MICHIGAN, et al.,

        Defendants.
_____/

## ORDER GRANTING DEFENDANTS' MAY 28, 2014 MOTION FOR PROTECTIVE ORDER (Doc. Ent. 45)

**A.    Background**

Plaintiff filed this case on December 21, 2012. Doc. Ent. 1. On January 25, 2013, she filed an amended complaint. Doc. Ent. 8.

On June 7, 2013, plaintiff filed a second amended complaint against the University of Michigan, Rachel S. Goldman, Tresa Pollock and Peter Green. Doc. Ent. 23 ¶¶ 9-12. The causes of action include:

    (I)      Title IX, Sex Discrimination and Sexually Hostile Educational Environment (Against the University and Board of Regents);

    (II)     Title IX: Retaliation for Reporting, Opposing, and Attempting to Remedy a Sexually Hostile Environment In the College of Engineering (Against the University and Board of Regents)

    (III)    Equal Protection: 42 U.S.C. § 1983 (Against the Individual Defendants in their individual capacity and against Individual Defendants in their official capacity pursuant to *Ex Parte Young only*)

    (IV)    Due Process Violations: 42 USC 1983 (Against All Defendants)

    (V)     First Amendment Freedom of Speech Retaliation: 42 USC 1983 (Against

        the Individual Defendants in their individual capacity and against Individual Defendants in their official capacity pursuant to *Ex Parte Young only*)

(VI)    Michigan State Law Elliott-Larson Civil Rights Act: Sex Discrimination/Disparate Treatment/Hostile Environment (Against All Defendants)

(VII)    ELCRA Sex Discrimination/Disparate Impact – (Against All Defendants)

(VIII)    ELCRA Retaliation (Against All Defendants)

(IX)    Invasion of Privacy (Against the Individual Defendants)

Doc. Ent. 23 ¶¶ 123-189.

Defendants filed an answer on December 16, 2013. Doc. Ent. 40.

**B.**    **Pending Motion**

Currently before the Court is defendants' May 28, 2014 motion for protective order. Doc. Ent. 45). By this motion, defendants seek entry of a protective order "precluding Plaintiff from asking deponents questions regarding sexual harassment, assault and misconduct incidents involving students outside the College of Engineering." Doc. Ent. 45 at 3; *see also* Doc. Ent. 46 (Sealed Exhibit).

On June 20, 2014, plaintiff filed a response. Doc. Entries 56 and 57. Defendants filed a reply on June 27, 2014. Doc. Ent. 58.

On July 29, 2014, the parties filed a joint statement of resolved/unresolved issues, wherein they informed the Court that the issues presented in defendants' motion for protective order (Doc. Ent. 45) remained unresolved. Doc. Ent. 69.

**C.**    **Discussion**

Judge Cox referred this motion to me for hearing and determination. Doc. Ent. 47. A hearing was noticed for September 11, 2014. Doc. Ent. 70. On the date set for hearing, attorneys Megan P. Norris and David M. Blanchard appeared.

As I stated from the bench, defendants' motion for protective order is granted but only to the extent set forth in the July 29, 2014 joint statement of resolved/unresolved issues. Doc. Ent. 69. In other words, defendants' motion for protective order (Doc. Ent. 45) is granted to the extent it seeks "entry of an order preventing Plaintiff from asking questions at depositions regarding sexual harassment, assault and misconduct incidents involving students outside the College of Engineering." Doc. Ent. 69 at 2. Moreover, I stated, this ruling applies only to discovery conducted by deposition, not to plaintiff's discovery requests for documentary evidence. Doc. Ent. 45 at 21.

On September 18, 2014, defendants submitted a proposed order granting their motion for protective order. *See* Doc. Ent. 78-1. On September 22, 2014, plaintiff proposed revisions/clarifications to defendants' proposed order. Doc. Ent. 77. On September 23, 2014, defendants responded to plaintiff's proposed revisions/clarifications. Doc. Ent. 78.

**D.     Order**

Accordingly, defendants' May 28, 2014 motion for protective order (Doc. Ent. 45) is GRANTED pursuant to Fed. R. Civ. P. 26(b)(2)(C) and (c). Plaintiff shall be precluded from asking deponents questions regarding sexual harassment, assault and misconduct incidents involving students outside the College of Engineering. Although counsel for both parties alluded to questions regarding the scope of document discovery during oral argument, Plaintiff has not filed a motion to compel and that issue was not presented to this Court for resolution at this time.

Should defendants believe that plaintiff is asking a deponent a question which violates this protective order, defense counsel may register an objection on that basis. Defendants may not seek sanctions regarding any deposition questions as to which they have not raised an

objection.

       IT IS SO ORDERED.

       The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days from the date of receipt of a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).


Dated: September 24, 2014       s/ Paul J. Komives
                                         PAUL J. KOMIVES
                                         UNITED STATES MAGISTRATE JUDGE


I hereby certify that a copy of the foregoing document was sent to parties of record on September 25, 2014, electronically and/or by U.S. mail.

                                         s/Michael Williams
                                         Case Manager for the
                                         Honorable Paul J. Komives