UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Jennifer Dibbern,

      Plaintiff,

v.                                                                      Case No. 12-15632

University of Michigan, et. al.,                          Honorable Sean F. Cox

      Defendants.

_____/

**ORDER OVERRULING PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S
ORDER GRANTING DEFENDANTS' MOTION FOR PROTECTIVE ORDER**

This case is, at its core, a sexual harassment and sexual discrimination case. Plaintiff Jennifer Dibbern ("Plaintiff" or "Dibbern") alleges that, while she was a graduate student at the University of Michigan ("U-M") College of Engineering, she was subjected to severe and pervasive sexual harassment and discrimination by her male peers, as well as by university faculty and employees, that deprived her of the full benefit of the educational experience. Plaintiff also alleges that the University and its faculty retaliated against her in various ways, including by dismissing her from her graduate program, in response to her reports of sexual harassment and discrimination in the Engineering department.

This matter is before the Court on Plaintiff's Objections (Doc. #81) to Magistrate Judge Komives's Order Granting Defendants' Motion for Protective Order (Doc. #79). The objections have been fully briefed by the parties. For the reasons set forth below, the Court shall OVERRULE Plaintiff's objections.

**BACKGROUND**

Plaintiff joined the University of Michigan's Department of Material Science and Engineering in the fall of 2007.  Plaintiff's entering Ph.D. class included five women out of a total of approximately 25 students.  (Pl.'s Compl. at ¶ 34).  Plaintiff alleges that she was subjected to sexual harassment and threats of sexual assault at the hands of her engineering PhD colleagues, who were mostly male.

In January 2009, Plaintiff made an anonymous phone call to the University of Institutional Equity concerning harassment, discrimination and stalking she was experiencing.  During this phone call, she spoke with Associate Vice Provost for Academic and Faculty Affairs Anthony Walesby, ("Walesby") who is an Associate Vice Provost for Academic and Faculty Affairs and the university's Title IX coordinator.  (Pl.'s Compl. at ¶ 60).  Walesby allegedly responded that he needed "concrete proof" and commented that "people assume women false report this kind of stuff." (Pl.'s Compl. at ¶ 62). Walesby also allegedly told Plaintiff that "the truth is, there are some women who are overly sensitive . . . and who can't take a joke and feel offended."  (Pl.'s Compl. at ¶ 66). Plaintiff felt that Walesby was ineffective and offered her no means of recourse.  (Pl.'s Compl. at ¶ 67).

Plaintiff also received confidential support services from the Sexual Assault Prevention and Awareness Center ("SAPAC"), of which Holly Rider-Milkovich ("Milkovich") is the Director.

Plaintiff maintains that she was wrongfully dismissed from her PhD program after years of experiencing sexual and gender-based harassment, about which she complained to numerous University officials and faculty, and in response to which the University took absolutely no helpful action.  (Pl.'s Compl. at ¶ 118-119).

Plaintiff filed her original Complaint on December 21, 2012.  (Doc. #1).  Plaintiff's Second

Amended Complaint, filed on June 7, 2013, alleges the following counts:

• Count I: Title IX Sex Discrimination and Sexually Hostile Educational Environment, against U-M and U-M Board of Regents;

• Count II: Title IX Retaliation for Reporting, Opposing, and Attempting to Remedy a Sexually Hostile Environment in the College of Engineering, against U-M and U-M Board of Regents;

• Count III: Equal Protection - 42 U.S.C. § 1983, against the Individual Defendants in their Individual and Official Capacities;

• Count IV: Due Process Violations - 42 U.S.C. § 1983, against the Individual Defendants in their Individual and Official Capacities;

• Count V: First Amendment Freedom of Speech Retaliation - 42 U.S.C. § 1983, against the Individual Defendants in their Individual and Official Capacities;

• Count VI: Michigan Elliot-Larson Civil Rights Act ("ELCRA") - Sex Discrimination/Disparate Treatment/Hostile Environment, against All Defendants;

• Count VII: ELCRA - Sex Discrimination/Disparate Impact, against All Defendants;

• Count VIII: ELCRA Retaliation, against all Defendants, and

• Count IX: Invasion of Privacy, against all Individual Defendants.

(Second Amd. Compl., Doc. #23).

In an Opinion and Order dated November 18, 2013, the Court denied Defendants' Motion

to Dismiss Pursuant to Rule 12(b)(6) (Doc. #36).

Sometime thereafter, Plaintiff noticed the depositions of Walesby and Milkovich.  Plaintiff

also served requests to produce documents on Defendants.

On May 28, 2014, Defendant filed a Motion for Protective Order (Doc. #45), seeking to

preclude Plaintiff from asking questions regarding sexual harassment, assault and misconduct

incidents involving students outside the College of Engineering at the Walesby and Milkovich

depositions.   Apparently, Defendants anticipated, based on Plaintiff's document requests, that

Plaintiff would seek oral discovery on sexual harassment and sexual assault reports concerning

incidents occurring outside the College of Engineering.  Defendants filed a Motion for Protective

Order on May 28, 2014 in which they sought a protective order "precluding Plaintiff from asking

deponents questions regarding sexual harassment, assault and misconduct incidents involving

students outside the College of Engineering."  (Mo. for Prot. Order, Doc. #45).

Magistrate Judge Komives granted Defendants' Motion for Protective Order.  In his Order,

Magistrate Judge Komives ordered that

> defendants' motion for protective order is granted but only to the extent set forth in
> the July 29, 2014 joint statement of resolved/unresolved issues.  Doc. Ent. 69.  In
> other words, defendants' motion for protective order (Doc. Ent. 45) is granted to the
> extent it seeks 'entry of an order preventing Plaintiff from asking questions at
> depositions regarding sexual harassment, assault and misconduct incidents involving
> students outside the College of Engineering . . .' this ruling applies only to discovery
> conducted by deposition, not to plaintiff's discovery requests for documentary
> evidence.

(Order Granting Prot. Order, Doc. #79).  Magistrate Judge Komives's Order further stated that he

was granting Defendants' motion pursuant to Federal Rules of Civil Procedure 26(b)(2)(C) and (c).

(Doc. #79 at 3).  Neither Magistrate Judge Komives's Order, nor the transcript of the motion

hearing, explains Magistrate Judge Komives's reasoning for granting Defendants' motion.

Plaintiff filed Objections to Magistrate Judge Komives's September 24, 2014 Order Granting

Defendant's Motion for Protective Order (Doc. #81) pursuant to Federal Rule of Civil Procedure

72.  Defendants responded (Doc. #84) and Plaintiff replied (Doc. #85).

## STANDARD OF DECISION

Federal Rule of Civil Procedure 72 sets forth the proper procedure for objecting to a

magistrate judge's order on a nondispositive matter.  It provides:

> When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision.  A party may serve and file objections to the order within 14 days after being served with a copy.  A party may not assign as error a defect in the order not timely objected to.  The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

Fed. R. Civ. P. 72(a).

## ANALYSIS

Federal Rules of Civil Procedure 26 through 37 govern pretrial discovery and depositions

in federal civil cases.  Rule 26 sets forth the scope of permissible discovery:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(C).

Fed. R. Civ. P. 26(b)(1).  In turn, Rule 26(b)(2)(C) provides that

> On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:
>
> (i)      the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii)     the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (iii)    the burden of expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2)(C).

Protective orders are governed by Rule 26(c): "A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . [t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Fed. R. Civ. P. 26(c). The Sixth Circuit requires that, in order to show good cause, "a movant for a protective order must articulate specific facts showing 'clearly defined and serious injury' resulting from the discovery sought." *Nix v. Sword*, 11 Fed. App'x 498, 500 (6th Cir. 2001), citing *Avirgan v. Hull*, 118 F.R.D. 252, 254 (D.D.C. 1987). The burden of establishing good cause rests with the movant. *Id.* The movant must specify which one of the harms listed in Rule 26(c)(1)(A) warrants a protective order. *Serrano v. Cintas Corp.*, 699 F.3d 884, 901 (6th Cir. 2012) ("[W]e have not abandoned the requirement that one of the harms listed in Rule 26(c)(1)(A) must be specified in order to warrant a protective order."). "[I]t is well established that the scope of discovery is within the sound discretion of the trial court." *Coleman v. Am. Red Cross*, 23 F.3d 1091, 1096 (6th Cir. 1994), quoting *United States v. Guy*, 978 F.2d 934, 938 (6th Cir.1992).

Plaintiff argues that Magistrate Judge Komives's Order limiting the scope of deposition discovery to incidents involving only the College of Engineering is contrary to law because "Defendants have made no showing that the deposition questions at issue would cause annoyance, embarrassment, oppression, or undue burden or expense." (Pl. Obj. at 10). Thus, Plaintiff argues that Magistrate Judge Komives erred by granting Defendants' motion for protective order even though Defendants failed to meet their burden of establishing entitlement to a protective order.

Defendants respond that "Plaintiff's Objections ignore that Judge Komives' Order relies on Fed. R. Civ. P. 26(b)(2)(C). Under this rule, which does not require 'good cause' in order to grant

a protective order, the Court '***must*** limit the frequency or extent of discovery otherwise allowed by these rules . . . if it determines that . . . the burden or expense of the proposed discovery outweighs its likely benefit . . . .'" (Defs. Resp., Doc. #84 at 14). Defendants maintain that Plaintiff's requested information is not relevant to her claims. Defendants also maintain that Plaintiff's interest in obtaining the records of other students cannot outweigh the significant privacy interests of those other students. (Defs. Resp., Doc. #84 at 22).

Plaintiff replies that Magistrate Judge Komives's order is erroneous even if it is based on Federal Rule of Civil Procedure 26(b)(2)(C) because Defendants have not shown that any of the deponents would be subjected to any alleged "burden" that would justify limiting the scope of oral discovery. (Pl. Reply at 1-2).

Magistrate Judge Komives did not state his legal or factual conclusions, or explain his reasoning, in granting Defendants' motion for protective order. However, the Court concludes that even under a *de novo* review of Defendants' motion, a protective order was justified under these circumstances.

Plaintiff argues that the protective order will prevent her from proving her disparate impact claims. The Court finds this assertion without merit. To establish a prima facie case of disparate impact discrimination under ELCRA, a plaintiff must show that she was a member of a protected class and that "a facially neutral employment practice burden[ed] a protected class of persons more harshly than others." *Roberson v Occupational Health Centers of America, Inc.*, 220 Mich. App 322, 329-330 (1996). "Statistics alone can make out a prima facie case of disparate impact." *Mims v. Elec. Data Sys. Corp. (EDS),* 975 F. Supp. 1010, 1018 (E.D. Mich. 1997) (collecting cases). As Magistrate Judge Komives noted, the protective order does not prevent Plaintiff from propounding

7

document requests for statistical data.  Indeed, Plaintiff has filed a Motion to Compel Defendants'

production of documents concerning university-wide reporting of sexual harassment and sexual

assault incidents.  (Pl. Mo. To Compel, Doc. #89).  That motion has been referred to Magistrate

Judge Michael J. Hluchaniuk for consideration.  (Doc. #91).  The protective order only prevents

Plaintiff from asking deposition questions regarding specific reports of sexual harassment or sexual

assault concerning students outside the College of Engineering.

Plaintiff also argues that the protective order will prevent her from gathering evidence to

support her Title IX claims.  This argument is also without merit.  Generally, to establish liability

under Title IX, a recipient of federal funds must: 1) have discriminated based on gender; 2) have

notice or knowledge of the discrimination, and 3) the response to the discrimination "must amount

to deliberate indifference to discrimination."  *Gebser v. Lago Vista Independent School Dist.*, 524

U.S. 274, 290 (1989).

In a case of student-on-student harassment, such as the instant case, Plaintiff will have to

establish that (1) the sexual harassment was so severe, pervasive, and objectively offensive that it

could be said to deprive the plaintiff of access to the educational opportunities or benefits provided

by the school, (2) the funding recipient had actual knowledge of the sexual harassment, and (3) the

funding recipient was deliberately indifferent to the harassment.  *Soper v. Hoben*, 195 F.3d 845, 854

(6th Cir.1999) (summarizing *Davis's* holding).

It appears that Plaintiff will only have to prove that the Defendants were deliberately

indifferent to *her* reports of harassment, making discovery concerning others' reports of harassment

irrelevant.  *See id.* at 849, 855 (finding, in a case where one student alleged that she was sexually

assaulted by three other students, that "plaintiffs have failed to present any evidence of deliberate

indifference attributable to defendants."). The *Soper* court did not require Plaintiff to show that the educational institution was deliberately indifferent to a statistically significant number or percentage of sexual harassment or assault reports. Plaintiffs should not be permitted to elicit deposition testimony on irrelevant topics.

Even on a fresh review of Defendants' motion, the Court concludes that the protective order was warranted under these circumstances. The protective order will allow Plaintiff to seek oral discovery on issues related to Plaintiff and the College of Engineering while avoiding a "fishing expedition" into matters concerning the rest of the university—which will, in turn, prevent harm and undue burden on the deponents. *See Bush v. Dictaphone Corp.*, 161 F.3d 363, 367 (6th Cir. 1998) (upholding protective order under Rule 26(c) because district court balanced burden on deponent with plaintiff's need to access relevant discovery). Accordingly, given the Court's broad authority to control the scope of discovery, *see Coleman*, 23 F.3d at 1096, the Court finds that the Magistrate Judge's grant of Defendants' requested protective order was not clearly erroneous or contrary to law. The Court shall OVERRULE Plaintiff's Objections to the Order Granting Protective Order (Doc. #81).

## CONCLUSION & ORDER

For the reasons set forth above, this Court OVERRULES Plaintiff's Objections to Magistrate Judge Komives's Order Granting Defendants' Motion for Protective Order. (Pl. Objs., Doc. #81).

**IT IS SO ORDERED.**

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: April 1, 2015

9

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Jennifer Dibbern,

     Plaintiff,

v.                                                  Case No. 12-15632

University of Michigan, et. al.,          Honorable Sean F. Cox

     Defendants.
_____/

**PROOF OF SERVICE**

    I hereby certify that a copy of the foregoing document was served upon counsel of record

on April 1, 2015, by electronic and/or ordinary mail.

                     S/Jennifer McCoy
                     Case Manager