UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Jennifer Dibbern,

      Plaintiff,

v.                                                    Case No. 12-15632

University of Michigan, et. al.,                      Honorable Sean F. Cox

      Defendants.

_____/

**ORDER OVERRULING DEFENDANTS' OBJECTIONS TO MAGISTRATE JUDGE'S
ORDER GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL DISCOVERY**

      This case is, at its core, a sexual harassment and sexual discrimination case.  Plaintiff

Jennifer Dibbern ("Plaintiff" or "Dibbern") alleges that, while she was a graduate student at the

University of Michigan ("U-M") College of Engineering, she was subjected to severe and pervasive

sexual harassment and discrimination by her male peers, as well as by university faculty and

employees, that deprived her of the full benefit of the educational experience.  Plaintiff also alleges

that the University and its faculty retaliated against her in various ways, including by dismissing her

from her graduate program, in response to her reports of sexual harassment and discrimination in

the Engineering department.

      This matter is before the Court on Defendants' Objections (Doc. #99) to Magistrate Judge

Hluchaniuk's Order Granting in Part Plaintiffs' Motion to Compel Discovery (Doc. #97).  The

objections have been fully briefed by the parties.  For the reasons set forth below, the Court shall

OVERRULE Defendants' objections.

## BACKGROUND

Plaintiff joined the University of Michigan's Department of Material Science and Engineering in the fall of 2007. Plaintiff's entering Ph.D. class included five women out of a total of approximately 25 students. (Pl.'s Compl. at ¶ 34). Plaintiff alleges that she was subjected to sexual harassment and threats of sexual assault at the hands of her engineering PhD colleagues, who were mostly male.

In January 2009, Plaintiff made an anonymous phone call to the University of Institutional Equity concerning harassment, discrimination and stalking she was experiencing. During this phone call, she spoke with Associate Vice Provost for Academic and Faculty Affairs Anthony Walesby, ("Walesby") who is an Associate Vice Provost for Academic and Faculty Affairs and the university's Title IX coordinator. (Pl.'s Compl. at ¶ 60). Walesby allegedly responded that he needed "concrete proof" and commented that "people assume women false report this kind of stuff." (Pl.'s Compl. at ¶ 62). Walesby also allegedly told Plaintiff that "the truth is, there are some women who are overly sensitive . . . and who can't take a joke and feel offended." (Pl.'s Compl. at ¶ 66). Plaintiff felt that Walesby was ineffective and offered her no means of recourse. (Pl.'s Compl. at ¶ 67).

Plaintiff also received confidential support services from the Sexual Assault Prevention and Awareness Center ("SAPAC"), of which Holly Rider-Milkovich ("Milkovich") is the Director.

Plaintiff maintains that she was wrongfully dismissed from her PhD program after years of experiencing sexual and gender-based harassment, about which she complained to numerous University officials and faculty, and in response to which the University took absolutely no helpful action. (Pl.'s Compl. at ¶ 118-119).

Plaintiff filed her original Complaint on December 21, 2012. (Doc. #1). Plaintiff's Second

Amended Complaint, filed on June 7, 2013, alleges the following counts:

- Count I: Title IX Sex Discrimination and Sexually Hostile Educational Environment, against U-M and U-M Board of Regents;

- Count II: Title IX Retaliation for Reporting, Opposing, and Attempting to Remedy a Sexually Hostile Environment in the College of Engineering, against U-M and U-M Board of Regents;

- Count III: Equal Protection - 42 U.S.C. § 1983, against the Individual Defendants in their Individual and Official Capacities;

- Count IV: Due Process Violations - 42 U.S.C. § 1983, against the Individual Defendants in their Individual and Official Capacities;

- Count V: First Amendment Freedom of Speech Retaliation - 42 U.S.C. § 1983, against the Individual Defendants in their Individual and Official Capacities;

- Count VI: Michigan Elliot-Larson Civil Rights Act ("ELCRA") - Sex Discrimination/Disparate Treatment/Hostile Environment, against All Defendants;

- Count VII: ELCRA - Sex Discrimination/Disparate Impact, against All Defendants;

- Count VIII: ELCRA Retaliation, against all Defendants, and

- Count IX: Invasion of Privacy, against all Individual Defendants.

(Second Amd. Compl., Doc. #23).

In an Opinion and Order dated November 18, 2013, the Court denied Defendants' Motion

to Dismiss Pursuant to Rule 12(b)(6) (Doc. #36).

Sometime thereafter, Plaintiff noticed the depositions of Walesby and Milkovich. Plaintiff

also served requests to produce documents on Defendants.

On May 28, 2014, Defendants filed a Motion for Protective Order on May 28, 2014 in which

they sought a protective order "precluding Plaintiff from asking deponents questions regarding

sexual harassment, assault and misconduct incidents involving students outside the College of

Engineering."  (Mo. for Prot. Order, Doc. #45).

Magistrate Judge Komives granted Defendants' Motion for Protective Order.  In his Order, Magistrate Judge Komives ordered that

> defendants' motion for protective order is granted but only to the extent set forth in the July 29, 2014 joint statement of resolved/unresolved issues.  Doc. Ent. 69.  In other words, defendants' motion for protective order (Doc. Ent. 45) is granted to the extent it seeks 'entry of an order preventing Plaintiff from asking questions at depositions regarding sexual harassment, assault and misconduct incidents involving students outside the College of Engineering . . .' this ruling applies only to discovery conducted by deposition, not to plaintiff's discovery requests for documentary evidence.

(Order Granting Prot. Order, Doc. #79).  Magistrate Judge Komives's Order further stated that he was granting Defendants' motion pursuant to Federal Rules of Civil Procedure 26(b)(2)(C) and (c). (Doc. #79 at 3).

Plaintiff filed Objections to Magistrate Judge Komives's September 24, 2014 Order Granting Defendant's Motion for Protective Order (Doc. #81) pursuant to Federal Rule of Civil Procedure 72. On April 1, 2015, this Court overruled Plaintiff's objections to Magistrate Judge Komives's Order.  (Order, Doc. #103).  In that Order, the Court noted that Magistrate Judge Komives's Order did not prevent Plaintiff from propounding document requests for statistical data.  (Doc. #103 at 7-8).  The Court also stated that preventing Plaintiff from engaging in oral discovery concerning other students' reports of harassment would not prevent Plaintiff from establishing the necessary elements of her Title IX claims.  (Doc. #103 at 8-9).

On February 19, 2015, Magistrate Judge Hluchaniuk issued an Order Granting Plaintiff's Motion to Compel in Part (Doc. #97).  Magistrate Judge Hluchaniuk concluded that documents responsive to Plaintiff's First Request for the Production of Documents, including documents "associated with sexual assault and harassment matters that were considered or addressed by entities

outside the College of Engineering, but within the authority or sponsorship of the University of Michigan . . . " are "relevant to some of plaintiff's claims in this matter." (Doc. #97 at 2). Magistrate Judge Hluchaniuk ordered Defendants to produce "[d]ocuments responsive to plaintiffs [sic] First Request for the Production of Documents in the possession, custody, or control of [enumerated University offices/entities] that include aggregate or statistical data only, involving the period of 2007 through 2012, and that do not implicate statutory limitations on disclosure or confidentiality issues . . . ." (Doc. #97 at 3).

Magistrate Judge Hluchaniuk also ordered Defendants to produce "responsive documents to plaintiff's Second Request for the Production of Documents including communications to the Office of Civil Rights related to the investigation by the Office of Civil Rights into the practices and procedures employed by the University regarding sexual assaults and harassment." (Doc. #97 at 4-5).

Defendants object to Magistrate Judge Hluchaniuk's February 19, 2015 Order. (Objections, Doc. #99). Defendants claim that the issue of relevance related to University-wide discovery has already been dealt with by Magistrate Judge Komives, and so Magistrate Judge Hluchaniuk "should have applied the law of the case doctrine and denied Plaintiff's motion to compel." (Doc. #99 at 1). Alternatively, Defendants argue (as they did before Magistrate Judge Hluchaniuk) that Plaintiff's requested documents are not relevant and not reasonably calculated to lead to the discovery of admissible evidence. (Doc. #99 at 1). Plaintiff has responded to Defendants' objections (Doc. #100) and Defendants have replied. (Doc. #102).

## STANDARD OF DECISION

Federal Rule of Civil Procedure 72 sets forth the proper procedure for objecting to a

5

magistrate judge's order on a nondispositive matter.  It provides:

> When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision.  A party may serve and file objections to the order within 14 days after being served with a copy.  A party may not assign as error a defect in the order not timely objected to.  The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

Fed. R. Civ. P. 72(a).

## ANALYSIS

The Court finds that Defendants have failed to establish that Magistrate Judge Hluchaniuk's February 19, 2015 Order (Doc. #97) is either clearly erroneous or contrary to law.  Furthermore, the Court agrees with Magistrate Judge Hluchaniuk's resolution of the motion.  Therefore, the Court shall OVERRULE Defendants' Objections to Magistrate Judge Hluchaniuk's February 19, 2015 Order.

## CONCLUSION & ORDER

For the reasons set forth above, this Court OVERRULES Defendants' Objections to Magistrate Judge Hluchaniuk's Order Granting in Part Plaintiff's Motion to Compel Discovery. (Defs. Objs., Doc. #99).

**IT IS SO ORDERED.**

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated:  April 22, 2015

6

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Jennifer Dibbern,

      Plaintiff,

v.                                                            Case No. 12-15632

University of Michigan, et. al.,                       Honorable Sean F. Cox

      Defendants.
_____/

PROOF OF SERVICE

     I hereby certify that a copy of the foregoing document was served upon counsel of record

on April 22, 2015, by electronic and/or ordinary mail.


                             S/Jennifer McCoy_____
                             Case Manager

7